IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2015

## STATE OF TENNESSEE v. JOHN TRAION DAVIS

**Appeal from the Circuit Court for Lauderdale County**
**Nos. 7625, 7626     Joe H. Walker III, Judge**

_____

**No. W2015-00275-CCA-R3-CD  -  Filed November 24, 2015**

_____

Defendant, John Traion Davis, filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  Upon our review of the record, we affirm the trial court's summary dismissal for failure of Defendant to state a colorable claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROGER A. PAGE, JJ., joined.  JAMES CURWOOD WITT, JR., J., filed a separate dissenting opinion.

John Traion Davis, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter, and Andrew C. Coulam, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Over eleven years ago, Defendant, currently an inmate at the Federal Correctional Institute in Memphis, stole audio equipment valued at over one thousand dollars from Daniel Hale.  Four months later he burglarized a business and stole property valued at over ten thousand dollars.  For these crimes, he received concurrent sentences, for a total effective sentence of three years.  Defendant now, through the misuse of Tennessee Rule of Criminal Procedure 36.1, seeks more (consecutive) time for these old convictions.

On March 14, 2004, Defendant was arrested in case number 7626 for burglary of Mr. Hales's motor vehicle and theft of property valued between $1000 and $10,000.  The offenses were alleged to have occurred on November 22, 2003.  On March 16, 2004, an

arrest warrant was issued for Defendant in case number 7625 for the offenses of burglary and theft of property valued between $10,000 and $60,000. The offenses were alleged to have occurred on March 14, 2004, at approximately 1:45 a.m. The judgment forms indicate that Defendant received pre-trial jail credit from March 14, 2004 until April 1, 2004. Defendant was indicted in both cases on June 7, 2004.

On September 23, 2004, Defendant pled guilty in both cases. In case number 7626, Defendant pled guilty to theft of property valued between $1000 and $10,000 and received a sentence of two years. The charge of burglary of a motor vehicle was dismissed. In case number 7625, Defendant pled guilty to burglary in exchange for a sentence of two years and to theft of property valued between $10,000 and $60,000 in exchange for a sentence of three years. All of Defendant's sentences were ordered to be served concurrently, for a total effective sentence of three years. Defendant was first placed on supervised probation, then on Community Corrections, which was ultimately revoked on September 2, 2008.

In February of 2015, Defendant filed identical motions to correct allegedly illegal sentences in both cases, pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant alleged that he was on bail in case number 7626 at the time he was arrested in case number 7625. According to Defendant, his sentences were required to be served consecutively pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). The trial court summarily dismissed both petitions, finding that Defendant's sentences had expired and that he had not stated a colorable claim for relief because he was not released on bond at the time he committed the offenses. Defendant filed a timely notice of appeal.

Rule 36.1 of the Tennessee Rules of Criminal Procedure became effective on July 1, 2013, providing an avenue to seek correction of an illegal sentence. In pertinent part, it provides:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. . . .

Tenn. R. Crim. P. 36.1(a). The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."

We note that there has been controversy and debate among panels of this Court surrounding the interpretation of the phrase "at any time" and its application to the mootness doctrine. *Compare Philander Butler v. State*, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015), *pet. to rehear denied* (Tenn. Crim. App. Sept. 2, 2015) *with State v. Nickelle N. Jackson*, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074, at *6 (Tenn. Crim. App. July 14, 2015), *no perm. app. filed*; *see also State v. Jerome Wall*, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113, at *4 (Tenn. Crim. App. Dec. 23, 2014) (noting "the confusion surrounding Rule 36.1"). While we note this split in authority, it is not necessary to determine whether the mootness doctrine applies in this case because, in our view, Defendant has not met the threshold burden of raising a colorable claim.

Under Rule 36.1, a defendant is entitled to the appointment of counsel and a hearing "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). Because Rule 36.1 does not provide a definition for a "colorable claim," this Court has adopted the definition available for post-conviction proceedings: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)) (alteration in original). Unlike the habeas corpus procedures through which claims to correct illegal sentences had been previously brought, Rule 36.1 only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents. *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. May 28, 2014) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."). However, neither the trial court nor this Court is precluded from considering the technical record in determining whether the defendant has presented a colorable claim. *See, e.g.*, *James E. Kenner v. State*, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265, at *3 (Tenn. Crim. App. June 5, 2015), *perm. app. filed*; *Kevin Daws v. State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *2 (Tenn. Crim. App. Jan. 8, 2015), *pet. to rehear denied* (Tenn. Crim. App. Jan. 30, 2015).

In this case, Defendant alleges that he was arrested in case number 7626 on November 22, 2003, made bail, and was subsequently arrested in case number 7625. According to Defendant, his sentences in the two cases were required to be served consecutively pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). However, Defendant has failed to state a colorable claim because he misapprehends the law with regard to consecutive sentencing and the record does not support his allegation.

Under Tennessee Code Annotated section 40-20-111,

> In any case in which a defendant *commits* a felony while the defendant was released on bail . . ., and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

T.C.A. § 40-20-111(b) (emphasis added).  Similarly, under Tennessee Rule of Criminal Procedure 32(c)(3)(C),

> When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not.  This rule shall apply . . . to a sentence for a felony *committed* while the defendant was released on bail and the defendant is convicted of both offenses.

Tenn. R. Crim P. 32(c)(3)(C) (emphasis added).  Under both provisions, the material question is whether the defendant committed the subsequent offenses while he was on bail, not whether he was arrested or indicted while on bail.

The record in this case clearly shows that Defendant was not on bail for case number 7626 at the time he committed the offenses in case number 7625.  In case number 7626, though the offenses were alleged to have been committed on November 22, 2003, Defendant was not arrested until March 14, 2004, and was not released from jail until April 1, 2004.  Therefore, he could not have been on bail in case number 7626 at the time he committed the offenses in case number 7625, which were alleged to have occurred at approximately 1:45 a.m. on March 14, 2004.  Therefore, Defendant's sentences were not legally required to be served consecutively and are not in need of correction.

Defendant has not stated a colorable claim for relief.  We, therefore, affirm the decision of the trial court summarily dismissing Defendant's motion.

_____
TIMOTHY L. EASTER, JUDGE